UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Larry Love,** | **Civil No. 07-0403 (MJD/SRN)** |
| **Petitioner,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **R.L. Morrison, Warden,** | |
| **Respondent.** | |

Larry Love, pro se, Federal Prison Camp, P.O. Box 1000, Duluth, Minnesota 55814

LeeAnn K. Bell, Esq., Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondent

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned United States Magistrate Judge on Petitioner Larry Love's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the petition be denied.

**I.    BACKGROUND**

Petitioner Larry Love is a federal prisoner incarcerated at the Federal Prison Camp in Duluth, Minnesota. In February 2001, Petitioner was convicted in the United States District Court for the Northern District of Indiana of interstate travel in aid of drug trafficking, in violation of 18 U.S.C. § 1952, and of using a communication facility to distribute a controlled substance, in violation of 21 U.S.C. § 843(b). The Presentence Investigation Report (PSR) applied a two-level enhancement for Petitioner's use of a firearm during the § 1952 offense,

which resulted in a total offense level of forty-one. In its Statement of Reasons, the sentencing court explicitly adopted the factual findings and guidelines calculation of the PSR, including the enhancement, and determined that the total offense was forty-one. The court sentenced Petitioner to 168 months imprisonment. On May 16, 2002, the sentencing court issued an Amended Judgment, reducing Petitioner's sentence to 120 months pursuant to Federal Rule of Criminal Procedure 35(b).[1] The Amended Judgment did not reflect any changes to the factual findings or the guidelines calculation of the PSR.

On March 28, 2004, the Bureau of Prisons (BOP) found Petitioner ineligible for early release consideration, based on his § 1952 conviction and the two-level enhancement for possessing a firearm during the offense. In making this determination, the BOP invoked 18 U.S.C. § 3621(e) and BOP Program Statement 5162.04.

After exhausting his administrative remedies, Petitioner filed his habeas petition on January 26, 2007. He contends that the BOP wrongly determined that he possessed a firearm during his § 1952 offense and that the sentencing court did not make such a determination.

## II. DISCUSSION

Title 18 U.S.C. § 3621 establishes statutory authority for residential drug abuse treatment programs administered by the BOP and includes an incentive provision reducing an inmate's sentence upon successful completion of such a program. See 18 U.S.C. § 3621(e)(2)(B). The provision gives the BOP discretion to reduce the period of incarceration by not more than one year and applies only to prisoners convicted of nonviolent offenses. See id. To implement the

---

[1] Rule 35(b) permits a sentencing court to reduce a defendant's sentence for the defendant's "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1).

statute, the BOP promulgated 28 C.F.R. § 550.58 and BOP Program Statement 5162.04. The regulation provides in part that an inmate convicted of "a felony . . . [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon" is not eligible for early release. See 28 C.F.R. § 550.58(a)(1)(vi)(B). Program Statement 5162.04 denies a prisoner "the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Section 6 of Program Statement 5162.04 lists the offenses that are characterized as crimes of violence. Section 7 lists the specific offenses that, in the Director's discretion, may preclude an inmate from receiving certain program benefits, including consideration for early release, if the offense involved the possession of a firearm. Petitioner's § 1952 offense is listed in Section 7.

In Bellis v. Davis, 186 F.3d 1092 (8th Cir. 1999), the Eighth Circuit addressed an issue markedly similar to the one at hand. In Bellis, ten prisoners challenged the BOP's decision to categorically exclude inmates who were not convicted of violent offenses from eligibility for early release. Id. at 1093. As here, the BOP had acted pursuant to Section 7 of Program Statement 5162.04 in determining that some of the inmates were not eligible for early release because they had received sentencing enhancements for possessing a weapon in committing their offenses. Id. at 1094. The court noted that 18 U.S.C. § 3621(e)(2) conferred broad discretion to the BOP to decide which inmates were appropriately considered for early release. Id. (citing Love v. Tippy, 133 F.3d 1066, 1069 (8th Cir. 1998)). The court found that the BOP had permissibly exercised its discretion by making categorical, rather than individual, assessments of eligibility for early release. Id. at 1094-95 ("We think that the BOP's decision to exclude these additional categories of inmates from eligibility represents a manifestly permissible construction of the statute and an appropriate exercise of the BOP's discretion."). The court also explicitly

3

held that the BOP may consider sentencing enhancements in making its determinations. Id. at 1095.

In resolving a split among the circuit courts of appeals, the United States Supreme Court affirmed Bellis and similar cases in Lopez v. Davis, 531 U.S. 230, 238 (2001). In Lopez, the petitioner had been categorically denied early release consideration because his offense was listed in Section 7 of Program Statement 5162.04 and because he had received a two-level enhancement for possessing a firearm in connection with the offense. Id. at 236. The Court expressly held that the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." Id. at 244.

Consistent with Bellis and Lopez, the Court finds that the BOP correctly acted pursuant to Section 7 of Program Statement 5162.04 in determining that Petitioner's offense of conviction and weapons enhancement disqualified him for early release consideration. As to Petitioner's assertion that the sentencing court did not impose a two-point enhancement for possessing a weapon, the record is flatly to the contrary. The PSR contains a two-point enhancement for use of a dangerous weapon in connection with the offense of conviction. The sentencing court explicitly adopted the findings and guidelines calculation of the PSR, and the Amended Judgment did not change those findings and calculation.

Plaintiff also urges the Court to follow Hicks v. Hood, 203 F. Supp. 2d 379 (D. Or. 2002). In that case, the petitioner was convicted of money laundering. Id. at 380. The PSR stated in the "Offense Conduct" section that a firearm had been seized from the petitioner's place of business. Id. at 381. The petitioner objected to this statement, noting that firearm was not

4

seized from his business but from a building he leased.  Id.  The sentencing court did not rule on the objection because the issue did not affect the guidelines calculation.  Id.  When the petitioner sought early release, the BOP determined that he had possessed a weapon during the commission of his offense and found him ineligible for early release.  Id.  The habeas court found that the BOP's determination was not supported by any credible evidence, given that the firearm possession issue was not resolved by the sentencing court.  Id. at 382.

The present case differs significantly from Hicks.  Here, the sentencing court overruled all objections to the PSR and explicitly adopted the factual findings of the PSR, including the finding that Petitioner possessed a firearm in the commission of his offense.  Thus, the BOP was entitled to consider the enhancement in determining that Petitioner's offense involved the possession of a firearm.

In conclusion, the BOP properly determined that Plaintiff was not eligible for early release consideration, and his petition should be denied.

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Larry Love's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED**.

Dated: February 7, 2008

  s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 22, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the

objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.